UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALPHONSO MASON & SONJA BARNUM MASON,<br><br>                    Plaintiff(s),<br><br>    v.<br><br>WELLS FARGO BANK, et al.,<br><br>                    Defendant(s). | Case No. 2:14-CV-1709 JCM (NJK)<br><br>ORDER |

Presently before the court is a motion to remand filed by *pro se* plaintiffs Alphonso Mason and Sonja Barnum Mason (hereinafter "plaintiffs"). (Doc. # 10). Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Linear Financial, LP, dba Pardee Home Loans ("Linear Financial") (hereinafter "defendants") filed a response. (Doc. # 13). Plaintiffs did not file a reply, and the deadline to reply has now passed.

Also before the court is defendants' motion to dismiss. (Doc. # 4). Plaintiffs filed a response, (doc. # 16), defendants filed a reply, (doc. # 17), and plaintiffs filed a "supplemental opposition," (doc. # 18).

Also before the court is defendants' request for judicial notice. (Doc. # 5).

Finally before the court is plaintiffs' motion to strike defendants' request for judicial notice. (Doc. # 19). Defendants filed a response. (Doc. # ). Plaintiffs did not file a reply, and the deadline to reply has now passed.

**I.    Background**

On or about December 15, 2005, plaintiffs obtained a mortgage from Linear Financial in the principal amount of $246,550.00, to purchase their property. (Doc. # 4). On or about December 21, 2005, Linear Financial transferred the loan to Wells Fargo by assigning the deed of

**James C. Mahan**
**U.S. District Judge**

1 trust.  (Doc. # 4).

2 To obtain the loan, plaintiff Sonja Barnum Mason ("Mrs. Mason") met with defendants'
3 representatives to negotiate a mortgage agreement.  (Doc. # 1-1).  Plaintiff attended the meeting
4 alone and explained that she had little experience with mortgage negotiations.  (Doc. # 1-1).

5 Defendants' representatives assured Mrs. Mason that the agreement and interest rates were
6 the best available.  (Doc. # 1-1).  The agreement requires plaintiffs to make 120 payments of
7 $1181.39, 239 payments of $1930.84, and one payment of $1931.36, over a thirty year period.
8 (Doc. # 1-1).

9 Plaintiffs allege that defendants never attempted to determine whether plaintiffs had the
10 means to repay the loan.  (Doc. # 1-1).  Defendants omitted many of plaintiffs' everyday expenses
11 in determining their financial status.  (Doc. # 1-1).

12 Defendants' representatives assured Mrs. Mason that she could apply for refinancing if she
13 could not make her payments.  (Doc. # 1-1).  Since obtaining the loan, plaintiffs have applied for
14 loan modifications on two occasions.  (Doc. # 1-1).  These requests were denied by defendants.
15 (Doc. # 1-1).

16 On September 26, 2014, plaintiffs filed a complaint in state court against defendants
17 alleging fraud and deceit, misrepresentation, unconscionability, and violations of NRS 598D.100
18 and NRS 598D.110.  (Doc. # 1-1).  Plaintiffs claim that the mortgage agreement was
19 unconscionable because defendants knew that plaintiffs lacked the financial means to repay the
20 loan.

21 On October 16, 2014, defendants removed the case to this court on diversity grounds.
22 (Doc. # 1).  The parties then filed the instant motions to remand and dismiss the action.

23 **II.     Legal Standard**

24 *i.      Motion to remand*

25 For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must
26 be completely diverse and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. §
27 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id.* Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

    ii.    *Motion to strike*

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may do so "on motion made by a party . . . within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2).

    iii.    *Judicial notice*

Federal Rule of Evidence 201 provides for judicial notice of adjudicative facts. Under Rule 201(b)(2), the court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

Rule 201(c)(2) states that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The court may take judicial notice of public records if the facts noticed are not subject to reasonable dispute. *See United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011); *see also Intri-Plex Tech.,*

James C. Mahan
U.S. District Judge

- 3 -

1  *Inv. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citations and quotation marks
2  omitted).
3        In addressing a motion to dismiss, a court may "consider certain materials—documents
4  attached to the complaint, documents incorporated by reference in the complaint, or matters of
5  judicial notice—without converting the motion to dismiss into a motion for summary judgment."
6  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).
7        iv.    *Motion to dismiss*
8        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief
9  can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and
10 plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2);
11 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed
12 factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
13 elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).
14       "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550
15 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual
16 matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation
17 omitted).
18       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply
19 when considering motions to dismiss.  First, the court must accept as true all well-pled factual
20 allegations in the complaint; however, legal conclusions are not entitled to the assumption of
21 truth.  *Id.* at 678-79.  Mere recitals of the elements of a cause of action, supported only by
22 conclusory statements, do not suffice.  *Id.*
23       Second, the court must consider whether the factual allegations in the complaint allege a
24 plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint
25 alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the
26 alleged misconduct.  *Id.* at 678.
27
28       Where the complaint does not permit the court to infer more than the mere possibility of

**James C. Mahan**
**U.S. District Judge**

- 4 -

misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

    v.    Rule 9(b)

Allegations of fraud are subject to a heightened pleading standard.  *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud . . . .").  Federal Rule of Civil Procedure 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

Rule 9(b) operates "to give defendants notice of the particular misconduct which is alleged," requiring plaintiffs to identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (citations omitted).

**III.   Discussion**

    i.    *Motion to remand*

Plaintiffs allege that removal was improper because defendants and plaintiffs are all citizens of Nevada.  (Doc. # 10).  Plaintiffs also contend that defendants are forum shopping.  (Doc. # 10).  Plaintiffs attach business search results for defendants' companies, which they believe show Nevada citizenship.  (Doc. # 10).

**James C. Mahan**
**U.S. District Judge**

Defendants respond that plaintiffs' exhibits show complete diversity of citizenship. (Doc. # 13). Plaintiffs' exhibits show that Linear Financial is a limited partnership registered in Delaware, and that its only listed partner is a citizen of Iowa. (Doc. # 10).

Plaintiffs include evidence that Wells Fargo appointed a registered agent in Nevada. (Doc. # 10). They do not provide otherwise support their contention that Wells Fargo is a citizen of Nevada. (Doc. # 10).

The fact that defendants have registered agents in Nevada does not make them citizens of Nevada. As defendants note, "under [28 U.S.C.] § 1348, a national banking association is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (holding, on this basis, that Wells Fargo is a citizen of South Dakota).

Defendants bear the burden to show that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In their petition for removal, defendants state that Wells Fargo is a citizen of South Dakota and Linear Financial is a citizen of Delaware. (Doc. # 1).

Further, plaintiffs do not dispute that the amount in controversy requirement is met in the instant case. (Doc. # 10). Plaintiffs' requested relief includes $90,000.00 for their down payment as well as numerous other requests for damages in excess of $10,000.00. (Doc. # 1-1). Defendants cite plaintiffs' $90,000.00 down payment request, as well as the fact that plaintiffs received a loan for $244,689.33, as evidence that plaintiffs' claims satisfy the amount in controversy. (Doc. # 1).

It is facially apparent from plaintiffs' complaint that their claims exceed $75,000.00. Moreover, defendants have shown that the amount in controversy requirement is met. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089-1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.").

Based on the foregoing, defendants have met their burden of showing that the court possesses diversity jurisdiction over the instant case. *See* 28 U.S.C. § 1332(a). Plaintiffs have not provided sufficient evidence to refute defendants' assertion of jurisdiction based on diversity of citizenship.

James C. Mahan
U.S. District Judge

- 6 -

Additionally, plaintiffs' forum shopping argument is without merit. Removing a case to federal court on proper jurisdictional grounds does not constitute forum shopping. Accordingly, plaintiffs' motion to remand will be denied.

    ii.    *Motion to strike*

Plaintiffs moved to strike defendants' request for judicial notice. Plaintiffs argue that any matters submitted by defendants outside the pleadings should be stricken pursuant to Federal Rule of Civil Procedure 12(f). (Doc. # 19).

The court sees no grounds to strike anything filed by defendants. Pursuant to the legal standard above, the court may consider and take judicial notice of matters of public record in ruling on a motion to dismiss. Defendants' request for judicial notice does not constitute an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiffs' motion to strike is also untimely, as it was filed almost three months after defendants' request for judicial notice was filed. *See* Fed. R. Civ. P. 12(f)(2) (providing that the court may strike a pleading pursuant to a motion to strike filed within 21 days).

For these reasons, plaintiffs' motion to strike defendants' request for judicial notice will be denied.

    iii.    *Judicial notice*

Defendants ask the court to take judicial notice of copies of the deed of trust and assignment of the deed of trust on plaintiffs' property. (Doc. # 5). Both of these documents are matters of public record. Plaintiffs do not dispute the existence of these documents, and the court finds that they are not subject to reasonable dispute. These documents are therefore judicially noticeable. Accordingly, defendants' request for judicial notice will be granted.

    iv.    *Motion to dismiss*

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case

**James C. Mahan**
**U.S. District Judge**

- 7 -

should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Defendants argue that plaintiffs' complaint should be dismissed because plaintiffs' causes of action (1) fail to meet the applicable statutes of limitations, and (2) fail to state plausible claims for relief. (Doc. # 4). The court will address each of plaintiffs' claims in turn.

### a. Unfair lending practices

Defendants assert that plaintiffs' claims for unfair lending practices under Nevada Revised Statute sections 598D.100 and 598D.110 are time-barred because the statute of limitations for these provisions is two years. Alternatively, defendants argue that NRS 598D.100 and 598D.110 are inapplicable to the conduct at issue. Further, defendants contend that even if the statutes did apply, plaintiffs fail to state a claim under them. (Doc. # 4).

Plaintiffs filed the instant action almost nine years after entering into the instant loan. (Doc. # 1-1). Claims under Nevada Revised Statute 598D.100 and 598D.110 are subject to a two year statute of limitations. *See* NRS 11.190(4)(b) (providing two year statute of limitations for an action upon a statute for a penalty or forfeiture, except where the statute prescribes a different limitation); NRS 598D.100 *et. seq.* (failing to provide specific limitations period); *Qiang Guo Mai v. Wells Fargo Home Loan Servicing, LP*, No. 3:09-cv-00754-KJD-PAL, 2013 WL 321575, at *3 (D. Nev. Jan. 25, 2013) (finding that two-year statute of limitations applies to claims under NRS 598D.100 *et seq.*); *Freeto v. Litton Loan Servicing LP*, 3:09-cv-00754-LRH-VPC, 2010 WL 2730596, at *2 (D. Nev. July 6, 2010) (same).

Based on the foregoing, the court finds that plaintiffs' claims for unfair lending practices are time-barred. Accordingly, the court will grant the motion to dismiss as to these claims, and need not address defendants' alternative arguments. Plaintiffs' first and second causes of action for unfair lending practices will be dismissed.

### b. Fraud and deceit

**James C. Mahan**
**U.S. District Judge**

- 8 -

1  Defendants next argue that plaintiffs' claim for fraud is time-barred because it is subject to
2  a two-year statute of limitations. (Doc. # 4). Alternatively, defendants assert that plaintiffs fail to
3  plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). (Doc. # 4).
4  Defendants also claim that this cause of action fails as a matter of law. (Doc. # 4).

5  Plaintiffs respond that defendants' fraudulent actions constituted bank fraud, which is
6  subject to a ten-year statute of limitations. *See* 18 U.S.C. § 1344; *United States v. Najjor*, 255 F.3d
7  979, 983 (9th Cir. 2001) ("Under 18 U.S.C. § 3293, the statute of limitations for violations of 18
8  U.S.C. § 1344 is ten years."). Plaintiffs attach correspondence that they sent to and received from
9  Wells Fargo regarding home loan modifications. (Doc. # 16). They state that they could readily
10 amend their complaint to allege bank, mail, and wire fraud. (Doc. # 16).

11 As defendants note, bank fraud is a criminal offense that relates to the defrauding of a
12 financial institution. *See* 28 U.S.C. § 1344. As a result, a cause of action for bank fraud is
13 inapplicable to the instant case. Mail and wire fraud are similarly inapposite because they are also
14 prescribed by criminal statutes. *See* 18 U.S.C. §§ 1341, 1343. Plaintiffs do not have the ability to
15 sue to enforce criminal statutes in this manner. Granting plaintiffs leave to amend to include claims
16 for mail, wire, and bank fraud would therefore be futile.

17 Plaintiffs rely on the factual allegations in their complaint as support for their fraud claim.
18 (Doc. # 1-1). Plaintiffs' complaint does not include allegations as to when plaintiffs discovered
19 the particular facts constituting the fraud or mistake. (Doc. # 1-1). However, plaintiffs argue that
20 defendants engaged in continuing violations that did not cease until 2012. Plaintiffs conclude that
21 their fraud claim is therefore timely filed. (Doc. # 16).

22 Plaintiffs unsuccessfully attempt to circumvent the statute of limitations by characterizing
23 defendants' conduct as a continuing offense. As previously discussed, plaintiffs cannot bring a
24 claim for bank fraud. The cases that plaintiffs cite are not convincing, as they involve statutes that
25 do not apply to plaintiffs' claims. *See United States v. Nash*, 115 F.3d 1431, 1441 (9th Cir. 1997)
26 (addressing applicability of sentencing guidelines to continuing bank fraud offense); *Havens*
27 *Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982) (discussing statute of limitations for
28

**James C. Mahan**
**U.S. District Judge**

- 9 -

1  continuing discrimination under the Fair Housing Act); *Garcia v. Brockway*, 526 F.3d 456, (9th
2  Cir. 2008) (same).

3        The three-year statute of limitations for fraud in Nevada Revised Statute 11.190(3)(d)
4  applies here. This cause of action accrues upon discovery of the facts constituting the fraud or
5  mistake. NRS 11.190(3)(d). The parties executed the mortgage agreement at issue in 2005. (Doc.
6  # 1-1). At the latest, plaintiffs "discovered" the alleged fraud when their requested loan
7  modifications were denied. (Doc. # 1-1).

8        Plaintiffs state that they received a letter communicating such denial in April 2010. (Doc.
9  # 16). Plaintiffs filed the instant action on September 26, 2014. (Doc. # 1). Accordingly,
10 plaintiffs' fraud claims were not timely filed, and must be dismissed.

11       In arguing against dismissal, plaintiffs attach a consent decree between defendants and the
12 Department of Justice, which they believe proves that "defendants have admitted to most of the
13 allegations in the complaint." (Doc. # 18). The referenced consent judgment resulted from an
14 enforcement action in the United States District Court for the District of Columbia and has no
15 bearing on the instant case.

16       Because plaintiffs fail to comply with the applicable statute of limitations, the court need
17 not consider defendants' alternative arguments on the merits of plaintiffs' claims. The court will
18 grant defendants' motion to dismiss as to plaintiffs' cause of action for fraud and deceit.

19       *c. Misrepresentation*

20       Defendants also seek dismissal of plaintiffs' cause of action for misrepresentation. (Doc.
21 # 4). Defendants contend that the two-year statute of limitations for negligence is applicable to
22 plaintiffs' misrepresentation claim. Alternatively, defendants note that a three-year statute of
23 limitations applies to intentional misrepresentation claims. Defendants also argue that plaintiffs'
24 misrepresentation claim fails as a matter of law. (Doc. # 4).

25       Negligence actions are subject to a two-year statute of limitations. *See* NRS 11.190(4)(e).
26 As previously discussed, a three-year statute of limitations applies to actions for fraud or mistake.
27 NRS 11.190(3)(d).
28

**James C. Mahan**
**U.S. District Judge**

It is unclear based on plaintiffs' complaint whether plaintiffs allege intentional or negligent misrepresentation. Plaintiffs rely on their factual statements to support their misrepresentation claims. They allege that defendants' representatives assured Mrs. Mason that she could apply for refinancing, when in fact her requests for modifications were denied. (Doc. # 1-1).

Plaintiffs' claim for misrepresentation fails for the same reasons as their fraud and deceit claim. Accordingly, the court will grant defendants' motion to dismiss as to this claim.

### d. Unconscionability

Plaintiffs' complaint finally includes a claim for "unconscionability." (Doc. # 1-1). Plaintiffs allege that their mortgage agreement with defendants was clearly unconscionable based on the amount of payments required. (Doc. # 1-1). Plaintiffs seek damages and a declaratory judgment that the deed of trust, mortgage, and loan agreement are null and void. (Doc. # 1-1).

Defendants argue in their motion to dismiss that unconscionability is a defense to a breach of contract claim, not an independent cause of action. (Doc. # 4). Alternatively, defendants argue that dismissal is appropriate because plaintiffs fail to "allege any fine print or complicated, incomplete or misleading language in the mortgage contract." (Doc. # 4). Defendants maintain that plaintiffs' only argument for unconscionability is that "the contract requires them to pay more for their home loan than they now wish to, which does not meet any of the required elements of unconscionability." (Doc. # 17).

Plaintiffs do not address these arguments in their response. (Doc. # 16). They simply state that "since plaintiffs have appropriately pleaded claims for violations of the federal bank fraud statute, which has a ten year statute of limitations, dismissal is not appropriate here." (Doc. # 16). Plaintiffs' complaint also fails to include any legal authority in support of their claim for unconscionability. (Doc. # 1-1). Defendants accordingly move to dismiss plaintiffs' cause of action for unconscionability on two grounds, which will be addressed in turn.

### A. Statute of limitations

Defendants first argue that plaintiffs' claim for unconscionability, properly treated as a request for a declaratory judgment, fails to meet the applicable statute of limitations. (Doc. # 4). "A claim for declaratory relief is subject to a statute of limitations generally applicable to civil

claims." *Zuill v. Shanahan*, 80 F.3d 1366, 1369-70 (9th Cir. 1996); *see also Levald v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993) (noting that statute of limitations applicable to damages action applies equally to claims for declaratory judgment).

Defendants contend that a request for a declaratory judgment under a mortgage contract is subject to a one-year statute of limitations under the federal laws governing mortgages. *See Wong v. Citi Home Loans Servicing LP*, 2:11-cv-1428-ECR, 2012 WL 1900947 at *2-3 (D. Nev. May 23, 2012); *Hall v. Mortgagelt, Inc.*, No. 2:09-cv-2233-JCM-GWF, 2011 WL 2651870, at *4 (D. Nev. July 6, 2011). Alternatively, defendants point to the six-year statute of limitations for actions on a contract under NRS 11.190(1)(b). (Doc. # 4).

Plaintiffs' claim for unconscionability fails under either statute of limitations. Plaintiffs brought suit approximately nine years after they entered into the relevant loan agreement. (Doc. # 1-1). Accordingly, dismissal of plaintiffs' unconscionability claim for failure to comply with the applicable statute of limitations would be proper under either standard above.

Nevertheless, the court also finds it appropriate to address plaintiffs' cause of action for unconscionability under Federal Rule of Civil Procedure 12(b)(6). Because this claim also fails under that standard, it will be dismissed.

### B. Sufficiency of pleadings

As this court has previously held, "[u]nconscionability is not a claim for relief, but rather is a defense to a breach of contract claim . . . ." *Hall v. Mortgagelt, Inc.*, No. 2:09-cv-2233-JCM-GWF, 2011 WL 2651870, at *3 (D. Nev. July 6, 2011). However, as is appropriate here, this court has treated a claim for unconscionability as a request for a declaratory judgment that a mortgage is unenforceable. *See id.*

"Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable." *Burch v. County of Washoe*, 49 P.3d 647, 650 (Nev. 2002). Procedural unconscionability generally results from unequal bargaining power or misleading language in a contract. *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1021 (D. Nev. 2007) (citing *D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1162 (Nev. 2004)).

**James C. Mahan**
**U.S. District Judge**

- 12 -

A contract is substantively unconscionable "only when the clauses of that contract and the circumstances existing at the time of the execution of the contract are so one-sided as to oppress or unfairly surprise an innocent party." *Bill Stremmel Motors, Inc. v. IDS Leasing Corp.*, 514 P.2d 654, 657 (Nev. 1973).

First, plaintiffs' unconscionability claim fails as to defendant Wells Fargo because Wells Fargo was not a party to the original mortgage agreement. *See Lalatag v. Money First Fin. Servs., Inc.*, 2:09-cv-02268-LRH-RJJ, 2010 WL 2925875 at *2 (D. Nev. July 20, 2010) (dismissing cause of action for unconscionability on grounds that defendants were not involved in the origination of the mortgage loan).

Further, as defendants correctly note, plaintiffs' complaint does not state a claim for unconscionability. *See Brown v. Investors Mortg. Co.*, 121 F.3d 472, (9th Cir. 1997) (rejecting plaintiff's allegations that high loan payments were unconscionable on grounds that they "do not rise to the level of unfairness required to sustain a claim of unconscionability").

With regard to procedural unconscionability, plaintiffs do not allege that the contract contained any misleading language. (Doc. # 1-1). By contrast, plaintiffs suggest that the contract's terms are "plainly unconscionable." (Doc. # 1-1). While plaintiffs note that Mrs. Mason was a layperson with little experience regarding mortgage negotiations, they do not allege that this resulted in unequal bargaining power that somehow left her without a meaningful choice regarding the loan. Therefore, even taking plaintiffs' well-pled allegations as true and construing them liberally, plaintiffs' complaint does not sufficiently claim procedural unconscionability.

Pursuant to the foregoing legal standard, plaintiffs' claim fails due to the absence of procedural unconscionability. *See Burch*, 49 P.3d at 650 (holding that courts generally require both procedural and substantive unconscionability). Nevertheless, plaintiffs' allegations regarding substantive unconscionability are similarly inadequate. The circumstances and terms of plaintiffs' loan as set out in their complaint were not so one-sided as to oppress or unfairly surprise. While the agreement at issue required plaintiffs to pay interest on their loan, plaintiffs incurred these obligations in exchange for defendants' willingness to loan plaintiffs $246,550.00. (Doc. # 1-1).

**James C. Mahan**
**U.S. District Judge**

- 13 -

Based on the foregoing, the court will grant defendants' motion to dismiss plaintiffs' claim for unconscionability. Because the court finds it appropriate to dismiss each of plaintiffs' claims, defendants' motion to dismiss will be granted in its entirety.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to remand, (doc. # 10), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to strike, (doc. # 19), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' request for judicial notice, (doc. # 5), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss, (doc. # 4), be, and the same hereby is, GRANTED.

The court shall enter judgment accordingly and close the case.

DATED February 23, 2015

_____
UNITED STATES DISTRICT JUDGE